**No. 57937.**—World Wide Trading Co. and Railway Express Agency *v.* United States, protest 217370–K (San Francisco).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of hair-on leather the same in all material respects as that the subject of *Carey & Skinner, Inc.* v. *United States* (29 Cust. Ct. 8, C. D. 1436), the claim of the plaintiffs was sustained.

**No. 57938.**—F. L. Kraemer & Co. *v.* United States, protest 207503–K (New York).

Opinion by JOHNSON, J. It was stipulated that the merchandise is limited to that described on the invoice as "105 crates each 120 pieces 4″ x 4″ (c. m. 10.3) red hexagons—natural clay red flooring tiles," and "6 crates each 240 pieces halves red hexagons—natural clay red flooring tiles"; that the examiner reported the aforesaid merchandise to be 10.1 c. m.; and that the total actual area of the instant merchandise is 1,266.62 square feet. Accepting the stipulation as an agreed statement of fact, it was held that the hexagonal tiles in question are properly dutiable on the basis of the actual total area. amounting to 1,266.62 square feet.

**No. 57939.**—Hudson Shipping Company, Inc. *v.* United States, protest 206528–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issue herein is similar in all material respects to that involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the merchandise contained in case MJC No. 2, consisting of personal and household effects, reported by the landing inspector as manifested, not found, was not in fact imported. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon such portion of the merchandise as was reported by the inspector as manifested, not found. The protest was sustained to this extent.